**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
**CASE NO. ____________________**

**ELECTRONICALLY FILED**

NATURAL ALTERNATIVES, LLC
and
TODD A. BLOOMER PLAINTIFFS

v.

JM FARMS, MAX SMITH,
SNI SOLUTIONS, INC.,
and
UNKNOWN PARTNERS OF JM FARMS DEFENDANTS

## COMPLAINT

Plaintiffs Natural Alternatives, LLC ("Natural Alternatives") and Todd A. Bloomer ("Bloomer") (collectively, "Bloomer/NA"), for their Complaint against Defendants JM Farms, Max Smith ("Smith"), SNI Solutions, Inc. ("SNI"), and the Unknown Partners of JM Farms, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Natural Alternatives is a Kentucky limited liability company with its principal place of business located in Lexington, Kentucky. Plaintiff Bloomer is the sole member of Natural Alternatives and is a citizen and resident of Kentucky.

2. Upon information and belief, Defendant JM Farms is an Iowa general partnership, the partners of which are all citizens of Iowa.

3. Upon information and belief, Defendant Max Smith is a general partner of JM Farms and is a citizen and resident of Iowa.

4. Upon information and belief, Defendant SNI is an Illinois corporation with its principal place of business located in Genesco, Illinois.

5. The amount in controversy in this action exceeds the sum of seventy-five thousand dollars ($75,000), excluding interest and costs.

6. This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy, excluding interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000).

7. Defendants are subject to the jurisdiction of this Court because, *inter alia*, Defendants have purposefully availed themselves of the benefits of doing business in the Commonwealth of Kentucky by transacting business in Kentucky. Kentucky's long-arm statute, KRS § 454.210, further supports the exercise of personal jurisdiction over Defendants. Defendants have also agreed to submit to the personal jurisdiction of this Court pursuant to the parties' License Agreement.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) because Defendants are subject to personal jurisdiction in this District. Defendants have also agreed that venue is proper in this District pursuant to the parties' License Agreement.

## FACTUAL BACKGROUND

9. Natural Alternatives is the owner by assignment from Bloomer of U.S. Patent No. 6,080,330 (the "'330 patent"); U.S. Patent No. 7,033,422; U.S. Patent No. 6,641,753; U.S. Patent No. 6,416,684; U.S. Patent No. 6,878,308; United States Trademark No. 2,595,270 (GEOMELT); United States Trademark No. 2,887,731 (GEOSALT); United States Trademark No. 2,816,086 (MOUNTAIN MELT). Bloomer is the owner of Canadian Patent No. 2,391,795;

Canadian Patent Application No. 2,361,738; Canadian Patent Application No. 2,440,532; Canadian Patent Application No. 2,458,829; Canadian Patent Application No. 2,470,253; and Canada TMA 631,291 (GEOMELT). These patents and patent applications are referred to herein as "the Patents." Collectively, these patents, patent applications, and trademarks are referred to herein as "the Intellectual Property."

10. On or about October 1, 2008, Bloomer/NA, JM Farms, and SNI executed a License Agreement. The License Agreement contains a confidentiality provision that prevents its attachment hereto, but the essential terms are stated herein.

11. Pursuant to the License Agreement, Bloomer/NA agreed to grant JM Farms and SNI exclusive licenses to the Intellectual Property, which licenses are described in Section II.(1) of the License Agreement.

12. For consideration of the exclusive licenses granted them by Bloomer/NA, JM Farms and SNI agreed, *inter alia*, to pay NA a monthly royalty of Fifty Thousand Dollars ($50,000.00).

13. On or about October 31, 2010, the parties executed an Amendment to the License Agreement, pursuant to which the monthly royalty was reduced to $25,000.00 ("the Monthly Payment").

14. The parties agreed that the License Agreement would end upon the earlier of the following:

a. the date on which all of the Patents expired;

b. immediately upon written notice from JM Farms and SNI in the event that an injunction or other legal process materially inhibited or prohibited the exercise of the license rights granted in the License Agreement; or

c. the expiration of the notice period set forth elsewhere in the License Agreement, if the breach described by the notice was not cured within the notice period.

15. Beginning in July 2012, JM Farms and SNI failed to make the Monthly Payment required by the License Agreement.

16. Pursuant to Section III.(1)(c) and Section III.(2) of the License Agreement, a missed Monthly Payment and failure to cure same upon written notice by Bloomer/NA terminates the agreement upon expiration of the notice period.

17. Pursuant to Section III.(2) of the License Agreement, Bloomer/NA provided written notice to JM Farms and SNI that they failed to make the required Monthly Payment and that Bloomer/NA was entitled to pursue all remedies available to it should they not make payment within three business days of receipt of the notice.

18. JM Farms and SNI failed to make the Monthly Payment within the applicable notice period. JM Farms and SNI failed to make the Monthly Payment in July, August, September, and October 2012.

## COUNT I – BREACH OF CONTRACT

19. This is a claim for breach of contract against Defendants.

20. Bloomer/NA restate and incorporate the allegations of the preceding paragraphs of the Complaint as if fully set forth herein.

21. JM Farms and SNI failed to make the Monthly Payment to Blommer/NA in July, August, September, and October 2012.

22. JM Farms and SNI’s refusal to make the Monthly Payment constitutes a breach of the License Agreement.

23. JM Farms and SNI's breach of the License Agreement has proximately damaged Bloomer/NA in an amount to be proved in this action.

24. Smith is liable to Bloomer/NA for JM Farms' breach as a general partner of JM Farms.

25. The Unknown Partners of JM Farms are likewise liable to Bloomer/NA for JM Farms' breach as the general partners of JM Farms.

WHEREFORE, Bloomer/NA respectfully request:

1. Compensatory damages plus prejudgment interest;

2. Their costs and attorney fees;

3. Trial by jury on all issues so triable; and

4. Any and all other relief to which they are properly entitled.

Respectfully submitted,

/s/ Rebekah G. Ballard
Rebekah G. Ballard
FROST BROWN TODD LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
(859) 244-7591 (direct)
(859) 231-0011 (facsimile)
*Counsel for Natural Alternatives, LLC and Todd A. Bloomer*

LEXLibrary 0118414.0572246 528496v1