UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| NATURAL ALTERNATIVES, LLC, and TODD A. BLOOMER, | CIVIL ACTION NO. 12-333-KKC |
| Plaintiffs, | |
| V. | OPINION & ORDER |
| JM FARMS, et al., | |
| Defendants. | |

JM FARMS and MAX SMITH,

   Counterclaim Plaintiffs,

V.

NATURAL ALTERNATIVES, LLC, and
TODD A. BLOOMER,

   Counterclaim Defendants.

---

This matter is before the court on Plaintiffs' motion for summary judgment (DE 62-1) and Defendants' motion for partial summary judgment (DE 65-1). For the following reasons, Plaintiffs' motion is DENIED and Defendants' motion is GRANTED.

## I. BACKGROUND

Plaintiffs filed this lawsuit in November 2012, asserting a breach of contract claim against Defendants for their refusal to make monthly royalty payments under the parties' license agreement. (DE 1). The parties entered into their agreement in October 2008, by which Natural Alternatives granted JM Farms and SNI Solutions exclusive license to use certain patents and trademarks held by Natural Alternatives related to the use of de-sugared

1

sugar beet molasses as a deicing agent. (DE 62-1; DE 69). Plaintiffs initially sued SNI Solutions and JM Farms, but dismissed its claims against SNI Solutions. (DE 21). JM Farms and Max Smith, a general partner of JM Farms, remain as Defendants in this matter.

As part of the license agreement, JM Farms and SNI Solutions were to pay Natural Alternatives a non-refundable payment of $250,000 and an ongoing monthly royalty payment of $50,000. (DE 38-1). This monthly payment was to be made on the first business day of the month. (DE 38-1). The parties later amended their agreement and modified the monthly payment amount to $25,000. (DE 38-6).

In January 2009, a third-party competitor of Natural Alternatives filed for reexamination with the United States Patent and Trademark Office of two of the patents involved in the license agreement. (DE 65-1). By June 2012, the USPTO had canceled and/or finally rejected all of the claims regarding those patents that it was reexamining. (DE 65-1).

As of June 8, 2012, JM Farms had not paid its half of the monthly payment, so Natural Alternatives notified JM Farms of its failure to pay when due and demanded immediate payment. (DE 65-1). At the end of that month, Max Smith sent Natural Alternatives a letter, asserting Defendants' right to terminate the agreement under § III(1)(B) of the license agreement. (DE 38-12).

Under § III of the agreement, which was unaffected by the parties' amendment as to the amount of the monthly payment, "[t]he term of this Agreement and of the Patent License and the Trademark License . . . shall end on the earlier of the following:"

> (A) the date on which all the patents have expired;
>
> (B) immediately upon written notice from JM Farms, SNI Solutions, or Natural Alternatives in the event that an injunction or other legal process materially inhibits or prohibits the exercise of the license rights granted in the agreement; or
> (C) the expiration of one of the notice periods set forth later in the agreement, if the breach described by that notice is not cured within the notice period.

Relevant here, § III(2) provides a grace period of three business days for Defendants to cure after receiving written notice of their failure to mail payment on or before the first business day of the month. (DE 38-1).

After sending their letter in late June 2012, Defendants continued to miss their payments for July, August, and September of 2012. (DE 65-1). Due to this non-payment, Natural Alternatives sent JM Farms and SNI Solutions a letter formally notifying them of the failure to make the required payments for those months. (DE 65-1; DE 69). This letter specifically mentioned the three-day notice and cure provision found in § III(2) of the license agreement.

With their motion, Plaintiffs ask for summary judgment, primarily on the issue of whether Defendants could terminate the agreement with their letter in late June 2012. And, Defendants, with their motion, ask for partial summary judgment, primarily on the issue of when the license agreement terminated.

## II. ANALYSIS

### a. Termination of the license agreement

Defendants' main argument for partial summary judgment is that the parties' license agreement terminated as a matter of law with the expiration of the notice period triggered by Plaintiffs' letter to the licensees on September 25, 2012. Defendants argue that termination of the agreement makes them responsible only for the three monthly payments they missed while the agreement was still in effect.

Plaintiffs argue that the license agreement did not terminate either at the expiration of the three-day notice period as a matter of law in September 25, 2012, or at the time of Defendants' letter at the end of June 2012. Based on their view that the agreement has not been rightfully terminated, Plaintiffs assert $1,675,000 in damages, which is the amount Plaintiffs claim would put them in the position as if the contract had been performed by Defendants until the last patent involved in the agreement expired in November 2023.

The parties agreed to have the license agreement governed by and construed in accordance with Kentucky law. (DE 38-1). A primary goal for contract interpretation is to effectuate the intentions of the parties. *3D Enters. Contracting Corp. v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005). When a contract is unambiguous, a court looks "only as far as the four corners of the document to determine the parties' intentions." *Id.* Further, contract interpretation, including determining whether a contract is ambiguous, is a question of law for the courts. *Id.* (quoting *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. Ct. App. 2002)).

Sections III(1)(C) and III(2) of the license agreement are not contested, as the language clearly states that the agreement terminates upon the expiration of the three-day grace period. Plaintiffs acknowledged as much in their complaint: "Pursuant to Section III.(1)(c) and Section III.(2) of the License Agreement, a missed Monthly Payment and failure to cure same upon written notice by Bloomer/NA terminates the agreement upon expiration of the notice period." (DE 1, Pls.' Complaint at 4).

Plaintiffs do not argue that these provisions are ambiguous, instead they argue that they did not elect to terminate the parties' agreement by their September 25, 2012, letter, and thus, the agreement did not terminate. However, this argument is unpersuasive. The terms of the contract are unambiguous and state that the agreement "shall end" upon the expiration of the three-day notice period. Plaintiffs' letter to Defendants asserting a right to elect remedies including termination cannot change the contract as written, which called for automatic termination after continued noncompliance at the end of the three days.

Further, the record is undisputed that Defendants did not timely cure upon receiving written notice of their non-payment. As such, the parties' license agreement terminated according to its terms when the three-day grace period for Defendants expired.

### b. Request for Bloomer to be dismissed from the breach of contract claim

Defendants' other argument for partial summary judgment relates to Bloomer's status as a plaintiff in the breach of contract claim. Defendants argue that since Bloomer was not a party to the license agreement, he should be dismissed from the breach of contract claim as he is not a proper party to this lawsuit.

Plaintiffs respond that Bloomer was included as a party to this action because he was the individual holder of some of the intellectual property at issue even after the license agreement was first executed and that "[o]ther than this technical issue, the presence of Bloomer as an individual plaintiff is likely irrelevant." (DE 69, Pls.' Response at 8). Plaintiffs defer to the discretion of the Court as to this issue.

As the parties agree that Bloomer is not a party to the contract at issue, any breach of contract claim by him will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

(1) Plaintiffs' motion for summary judgment (DE 62-1) is DENIED;

(2) Defendants' motion for partial summary judgment (DE 65-1) is GRANTED; and

(3) Any breach of contract claim by Todd Bloomer is DISMISSED.

Dated September 30, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY